■ In the Matter of the Claim of GABRIEL BENDSZA, Respondent, v. JEWISH CHILD CARE et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal

from decision which discharged the Special Fund under subdivision 8 of section 15 of the Workmen's Compensation Law on the ground that the employer had no knowledge of the claimant's alleged prior permanent physical impairment. Since 1944 claimant was employed as caretaker at the Brooklyn Hebrew Orphan Asylum and on two occasions he sustained compensable injuries to his right wrist which resulted in total awards for a 20% schedule loss of use of his right hand. On December 7, 1960 claimant received multiple injuries when he fell into an elevator shaft. Prior to this date the Hebrew Orphan Asylum had merged with Jewish Child Care. Appellant contends that Jewish Child Care had knowledge of the claimant's supposed permanent pre-existing physical impairment when it continued him in employment. The testimony of Sidney Smith, business affairs manager for appellant Jewish Child Care, was inconclusive as to an "informed knowledge" of the permanent physical impairment of claimant. He testified as follows: " Q. What is the basis of your conclusion that these conditions involving his right hand, were permanent? A. *I did not say they were permanent.* I said they were 20 percent disability, and they came from the forms that we received from the Workmen's Compensation Board. Q. What is your position then; that these conditions were or were not permanent? A. *I would not know.* I am not a medical man. All I know is he performed his work as we requested of him. That is all. * * * Q. Did I understand you to say you never came to any conclusion either that they were or were not permanent? A. Except from the basis of the report." (Emphasis supplied.) There was sufficient equivocation on the part of the witness to permit the board to find as a fact that the employer did not have knowledge of a pre-existing permanent physical impairment (*Matter of Doroshenko* v. *General Motors Corp.*, 20 A D 2d 744, mot. for lv. to app. den. 14 N Y 2d 483). Decision affirmed, with costs to Special Fund. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.